CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 8 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH ALAN RAHN,<br>    Plaintiff, | ) )<br>) | Civil Action No. 7:11-cv-00563 |
| v. | ) ) | **MEMORANDUM OPINION** |
| EARL BARKSDALE, et al.,<br>    Defendants. | ) )<br>) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Keith Alan Rahn, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Earl Barksdale, Warden of the Dillwyn Correctional Center ("DCC"); R. Monroe, a DCC correctional officer; and Anita Bryant, a Virginia Department of Corrections ("VDOC") Regional Ombudsman. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

On February 16, 2011, plaintiff wrote an informal complaint against defendant R. Monroe. Plaintiff reported that Monroe had harassed him for several weeks with verbal remarks like, "You might as well give it up before your ass is raped," "Go hang yourself, use the string of an apron," and that he would be fired from his kitchen prison job because Monroe did not like him. Plaintiff asked Monroe to stop making these types of comments to no avail. Monroe later told plaintiff he would write a frivolous institutional charge against plaintiff to prevent plaintiff's requested transfer to a better facility. Plaintiff noted in the informal complaint that he was afraid of retaliation for writing it.

On February 25, 2011, Monroe threateningly cornered plaintiff in his cell and told

plaintiff not to return to his prison job. Plaintiff called his mother, who told VDOC officials in Richmond, Virginia, about the incident. Plaintiff and the rest of the housing unit was searched the same day. Plaintiff was also individually searched on February 26, February 28, and March 1, 2011.

On the last search, plaintiff was charged with possessing contraband in violation of institutional regulations, allegedly because he "really pissed somebody off." Plaintiff was eligible for an "informal resolution" without the need for a formal disciplinary hearing because it was his first minor charge, but staff did not offer him that opportunity. Instead, plaintiff was found guilty of possessing contraband and lost seven days of commissary privileges. Plaintiff appealed the conviction to defendant Barksdale, who granted plaintiff's appeal, vacated the conviction, and required staff to offer him an informal resolution before proceeding to an institutional hearing. Plaintiff's conviction was subsequently purged from his inmate record.

On March 31, 2011, plaintiff had another meeting with DCC staff, including Barksdale. Plaintiff told them he still feared reprisals from his February 16 informal complaint although he had no further contact with Monroe since being cornered in his cell. As a result of this meeting, plaintiff was immediately transferred to another facility. Plaintiff sent to defendant Bryant information about what he experienced at DCC, but she returned his correspondence because it was "non-grievable" as a disciplinary issue.

Plaintiff requests as relief $17,000. Plaintiff also wants me to order the VDOC to terminate the defendants' employment.

2

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th

Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusual punishment upon an inmate. However, when a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile

and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Therefore, plaintiff presently fails to state a claim against Monroe.

Plaintiff also fails to allege any cause of action against either Barksdale or Bryant. Indeed, Barksdale helped plaintiff by vacating his institutional conviction and ensuring plaintiff received an informal resolution offer in accordance with DCC or VDOC policy. In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). An inmate must present more than conclusory allegations of retaliation. Id. at 74. However, plaintiff did not experience any impairment of a constitutional right. See Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (stating a plaintiff whose constitutional right was not violated has no need for the protection provided by a cause of action for retaliation). Plaintiff also fails to describe any "adverse impact" to due process. Furthermore, plaintiff does not allege facts showing that an exercise of a constitutional right was a substantial factor motivating the alleged retaliatory action because plaintiff does not have a constitutional right to access a grievance system. Adams, 40 F.3d at 74. Accordingly, plaintiff fails to state a claim against any defendant, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 8th day of December, 2011.

*/s/ Jackson L. Kiser*
Senior United States District Judge